**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

Avangrid, Inc., Avangrid Networks, Inc., Central Maine Power Company, and NECEC Transmission LLC,

Plaintiffs,

v.

NextEra Energy, Inc., NextEra Energy Capital Holdings, Inc., NextEra Energy Resources, LLC, and NextEra Energy Seabrook, LLC,

Defendants.

Case No. 3:24-cv-30141

**<u>Plaintiffs' Motion for Status Conference</u>**

Plaintiffs ("Avangrid") respectfully request an in-person or virtual status conference at the Court's earliest convenience. Prior to filing this motion, undersigned counsel conferred with counsel for Defendants ("NextEra"), who oppose the request for a status conference.

The Court has dismissed Avangrid's antitrust claims (Counts I-VI), Dkt. No. 109, and Defendants' motion to dismiss the state-law claims (Counts VII-X) is pending. Plaintiffs recognize Magistrate Judge Robertson's reasoning in her June 2025 order staying further discovery deadlines until after the resolution of the motion to dismiss. Dkt. No. 93. But the factors discussed below warrant revisiting whether the parties should do more to advance the case while the decision on the state-law claims is pending. These factors were not present when Magistrate Judge Robertson set discovery deadlines approximately 18 months ago.

Plaintiffs readily acknowledge that the Court has not yet ruled on Defendants' motion to dismiss the state-law claims. Still, all parties have an interest in ensuring that they will be well positioned to litigate any surviving state-law claims and bring them to trial expediently. Thus,

Avangrid would like the parties to discuss with the Court minimally burdensome steps that they could take in the near future. Such steps might include, for example, (1) serving responses and objections to the document requests served in August 2025, (2) meeting and conferring on objections, (3) negotiating custodians and search terms as to those document requests, and (4) beginning to produce responsive documents. Plaintiffs would like to discuss at a status conference what more the parties could do to advance the case, particularly in light of the following issues.

First, the state-law claims involve facts dating back to at least 2017. *See, e.g.*, Compl. ¶¶ 113-118, 271. Witnesses' memories inevitably fade. Setting discovery on a course that will allow witness depositions to occur sooner rather than later will serve to ensure those memories are preserved. The parties will engage in substantial document discovery before noticing and taking depositions, and the more progress the parties make on document discovery in the near term, the sooner depositions can occur.

Second, the $67 billion merger between NextEra and Dominion Energy announced earlier this year may impact discovery. *See NextEra Energy and Dominion Energy to Combine, Creating the World's Largest Regulated Electric Utility Business and North America's Premier Energy Infrastructure Platform Benefiting Customers* (May 18, 2026).[1] Plaintiffs have reason to believe that (1) federal agencies reviewing the merger, including the Federal Energy Regulatory Commission ("FERC"), will be evaluating some of the same factual issues that give rise to the state-law claims, and (2) NextEra has or will produce documents to FERC and other federal and state agencies that are relevant to the state-law claims.

---

[1] Available at https://newsroom.nexteraenergy.com/2026-05-18-NextEra-Energy-and-Dominion-Energy-to-Combine,-Creating-the-Worlds-Largest-Regulated-Electric-Utility-Business-and-North-Americas-Premier-Energy-Infrastructure-Platform-Benefiting-Customers?l=12.

For example, on September 29, 2026, a coalition of state attorneys general (including Massachusetts') submitted a Protest and Request for Hearing to FERC opposing the NextEra-Dominion merger. Among other things, the state attorneys general argued that FERC should block the merger based on "[t]he Applicants' ***prior, documented*** attempts to interfere with the entry of new market participants into the New England wholesale market and to drive up rates."[2] The state attorneys general brief in opposition to the merger specifically discusses NextEra's opposition to New England Clean Energy Connect ("NECEC") as an example of NextEra's "anti-competitive behavior." *Id.* at 14-16.

Similarly, Senators Edward Markey (Massachusetts) and Angus King (Maine) have written to FERC to express their opposition to the NextEra-Dominion merger, including because of NextEra's "history of anti-competitive behavior," such as "spen[ding] millions to kill a New England transmission project that would have interfered with its market control of power generation in the region"[3] and NextEra's use of "political spending, dark-money intermediaries, and its position over interconnection facilities to deny a competing low-cost resource access to the market."[4]

In light of the merger proceedings, Plaintiffs will need to serve additional requests for documents that Defendants are producing and generating in response to inquiries by state attorneys

---

[2] Protest and Request for Hearing, at 14, Fed. Energy Reg. Comm'n, Docket No. EC-26-131-000 (Sept. 29, 2026), available at https://portal.ct.gov/-/media/ag/press_releases/2026/final-state-parties-protest-ec26131-nextera-dominion-merger.pdf?rev=2e168e45a339433e8a7eee846b3a9204&hash=25F3086DC645C55356DAE934DFFD60D2 (emphasis added).

[3] Ltr. from Edward J. Markey to Laura V. Swett, at 3-4 (Aug. 10, 2026), available at https://www.markey.senate.gov/imo/media/doc/810.26fercnexteradominionletter.pdf.

[4] Ltr. from Angus S. King Jr. to Laura V. Swett, at 1-2 (June 23, 2026), available at https://elibrary.ferc.gov/eLibrary/filelist?_sp=df223b00-4fcd-4bb1-90ae-f0bfe5ac6159.1793666172417&accession_number=20260629-4000&optimized=false&sid=36d32390-304d-4b6d-95b4-a333a0b0e86f.

general and federal regulators regarding NextEra's conduct as it relates to NECEC. And, producing such documents that have already been produced to state and federal regulators would occasion minimal, if any, additional burden on NextEra. *See, e.g.*, *In re January 2021 Short Squeeze Trading Litig.*, No. 21-2989, 2021 U.S. Dist. LEXIS 157306, at *20 (S.D. Fla. June 3, 2021) ("Records already produced by Defendants to Congress and other government entities shall be produced to Plaintiffs upon request.").

Third, Dominion is the owner of the only other nuclear generator in ISO-New England, other than NextEra's Seabrook facility. Accordingly, Plaintiffs expect that Dominion possesses (and so the combined entity will possess) documents that are relevant to Plaintiffs' state-law claims. Such documents may relate to, among other topics, (1) the reasonableness of NextEra's maintenance of the Seabrook Breaker, of its refusal to upgrade the Breaker, and of its demands to Avangrid regarding upgrades to the Breaker, (2) Dominion's internal views of NextEra's conduct to exclude competition in ISO-New England, and/or (3) internal analyses on NECEC's anticipated effect on prices in ISO-New England. Plaintiffs have a strong interest in ensuring that Dominion and its successor preserve documents held by relevant custodians. Plaintiffs will need to serve additional document requests, either on Dominion as a third party or on the successor entity following the merger.

Although Avangrid recognizes Magistrate Judge Robertson's rationale in June 2025 for limiting discovery at that time, the situation has changed and the balance has shifted such that it is necessary to take additional, modest steps to progress discovery in order to preserve evidence, including witness memories. Plaintiffs would appreciate the opportunity to discuss these matters with the Court at a status conference.

Date: November 11, 2026

*/s/ J. Mark Gidley*

J. Mark Gidley (Pro Hac Vice)
White & Case LLP
701 13th Street NW
Washington, DC 20005-3807
Tel: (202) 626-3600
Fax: (202) 639-9355
mgidley@whitecase.com

Michael Kendall (#544866)
C. Kelly Newman (#706704)
Dan Medici (#705650)
White & Case LLP
75 State Street
Boston, Massachusetts 02109-1814
Tel: (617) 979-9300
Fax: (617) 979-9301
michael.kendall@whitecase.com
kelly.newman@whitecase.com
dan.medici@whitecase.com

John P. Pucci (#407560)
Michael D. Roundy (#669357)
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, Massachusetts 01115-5507
Tel: (413) 272-6290
Fax: (413) 707-1746
jpucci@bulkley.com
mroundy@bulkley.com

*Counsel for Avangrid, Inc., Avangrid Networks, Inc., Central Maine Power Company, and NECEC Transmission LLC*

**Certificate of Service**

I, J. Mark Gidley, certify that the foregoing document was filed via the Court's CM/ECF system on November 11, 2026, which automatically provided notice of the filing to all counsel of record.

/s/ J. Mark Gidley
J. Mark Gidley

**Local Rule 7.1 Certification**

I, J. Mark Gidley, certify that I met and conferred with counsel for Defendants via videoconference concerning the relief sought in this motion on November 10, 2026. Defendants oppose the motion.

/s/ J. Mark Gidley
J. Mark Gidley